195 N.J. Super. 457 (1984)
480 A.2d 230
STATE OF NEW JERSEY, PLAINTIFF,
v.
E. LEE WHITE, ERNA WHITE, LAWRENCE SCOTT AND WILLIAM BROWN, DEFENDANTS.
Superior Court of New Jersey, Law Division Passaic County.
Decided April 13, 1984.
*458 Bruno Mongiordo for plaintiff (Passaic County Prosecutor, attorney).
Adolph Galluccio for defendant E. Lee White (Browne & Galluccio, attorneys).
Raymond R. Beam, Jr. for defendant Erna White.
SAUNDERS, J.S.C.
This court has before it for decision motions by defendants, E. Lee White and Erna White, for severance. The defendants, E. Lee White and Erna White, are husband and wife. They, along with two others, are codefendants in indictment no. 804-82A charged with the crimes of conspiracy to commit murder, murder and other lesser offenses. Each of the defendants, *459 White, have made motions for severance based on Evid.R. 23(2).[1]
Each defendant takes the position that he or she is entitled to severance as a matter of right by virtue of Evid.R. 23(2). Each defendant asserts that he or she intends to testify at the trial in his or her own defense, but does not wish the spouse to testify. Each defendant takes the position that he or she does not wish to testify against the spouse. The State takes the position that defendants are not entitled to severance as a matter of right. The State urges that defendants must reveal the exact nature of their proposed testimony at the trial and establish that undue prejudice will likely arise from a joint trial.
A novel issue raised by these motions is whether Evid.R. 23(2) applies to a situation where the spouses are codefendants charged with the same crimes in the same indictment. Evid.R. 23(2) provides that the spouse of the accused in a criminal action shall not testify in such action except to prove the fact of marriage (three exceptions are set forth which do not apply in the instant case). There is nothing in the legislative history of this rule which provides any guidance to the court. No case in New Jersey has decided this issue, nor is there any case that research can locate in the United States interpreting a similar rule or statute. The problem was raised in State v. Infinito, 180 N.J. Super. 75 (App.Div. 1981), but not decided. The Appellate Division in Infinito made the following observations.
The marital privilege embraced in Evid.R. 23(2) immediately inspires intellectual interest, in the circumstances of this case.... (I)t is the reflection that if each defendants' argument were to succeed, a procedural rule intended solely to promote marital harmony becomes, if not a suit of armor against the weapons of truth ascertainment in a criminal prosecution, at least a bullet-proof vest.
[At 77.]
Judge Joelson, in a concurring opinion, gives some guidance to the trial court. *460 Ordinarily, a motion for severance in a case where husband and wife are codefendants should be liberally granted if it appears that a spouse who wishes to testify in his or her own defense would do so in a way that would incriminate the codefendant spouse. [at 79].
Judge Joelson suggests that the issue should be raised at a pretrial motion for severance and that a defendant should candidly divulge to the court that he or she would testify and the content of the testimony.
This court has followed the suggestion of Judge Joelson and has given each defendant the opportunity to place on the record a statement as to whether he or she would testify and to make a proffer concerning that testimony. Defendant, E. Lee White, through counsel, asserted that he would testify at the time of the trial, but refused the court's offer to make a proffer of testimony. Defendant, Erna White, through counsel, stated that she would testify at the trial and agreed to make a proffer of testimony to the court. This proffer was made in camera in the presence of the court, a stenographer, defendant, Erna White, and her counsel. The court prohibited the prosecutor from being present and sealed the record subject to its review by an appellate court. This court makes a finding of fact that if Erna White were to testify at the trial her testimony would be incriminating to her husband.
In interpreting Evid.R. 23(2), the court is mindful of the Supreme Court's admonition in United States v. Nixon, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974) that privileges against forced disclosure are exceptions to the demand for every man's evidence and are not lightly created nor expansively construed, for they are in derogation of the search for truth. See also Matter of Grand Jury Impaneled January 21, 1975, 541 F.2d 373 (3 Cir.1976); State v. Briley, 53 N.J. 498 (1969). As indicated above, there is a dearth of case law and there is a conflict of theory in the situation where both spouses are codefendants. Weighing against the policy in favor of the sanctity of the marriage in this situation is the desirability in criminal conspiracy cases to have all the defendants together *461 before a single jury. Separate trials are more difficult to prosecute, more expensive, and more time consuming than a joint trial. Not only is there a greater burden placed on the prosecution, but there is a wasting of judicial resources.
Judge Weinstein's commentary on the rules of evidence for the United States courts and magistrates adopts the conclusion that a court should automatically sever any trial involving a husband and wife as codefendants. This position avoids prosecutional misuse in indicting one spouse for the sole reason of frightening that spouse into testifying against the codefendant spouse or possible judicial waste in forcing the trial judge to make speculative factual decisions concerning the marital privilege that raise the possibility of reversal on appeal. McCormick in his treatise on evidence, notes that marital confidences are inept and clumsy devices to promote the policies they profess to serve, but are extremely effective as stumbling blocks to obstruct the attainment of justice. McCormick, Evidence, § 79 at 165 (2 ed. Cleary 1972). He concludes that the movement should be toward restriction and not toward expansion of these mechanisms for the concealment of relevant facts. Ibid. The United States Supreme Court recently dealt with the question of marital privilege in Trammel v. United States, 445 U.S. 40, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980). Chief Justice Burger stated that testimonial exclusionary rules and privileges contravene the fundamental principle that the public has a right to every man's evidence. He went on to state that these privileges must be strictly construed and accepted only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth.
Although this court may feel that the public interests of preserving the family does not justify assuring a criminal that he can enlist the aid of his or her spouse in a criminal enterprise without fear that he is creating a potential witness, it does feel *462 compelled to follow the clear and plain language of Evid.R. 23(2). This marital privilege was adopted by the state Legislature and, although the legislative history is sparse, it is clear that consideration was given to the rule and its implications as three exceptions were adopted. There is no exception set forth for the situation where the spouses are codefendants. At any rate, I find that Mrs. White intends to testify in her own defense at the trial and that her testimony, whether elicited on direct examination or cross examination, would incriminate her codefendant spouse. Defendants' motion for severance is granted and the case of State v. Erna White is severed from this trial. The trial in the matter of State v. E. Lee White, Lawrence Scott and William Brown shall continue as scheduled on May 14, 1984.
In view of the position taken by defendant, Erna White, and this court's determination that the claim of privilege is properly taken, she will be barred in her separate trial from waiving the objection asserted in this case and she shall not be permitted to call E. Lee White as a witness in her defense. See United States v. Hicks, 420 F. Supp. 533 (N.D.Texas 1976).
NOTES
[1] The marital privilege represents two distinct privileges in New Jersey. Evid.R. 23(2) bars one spouse from testifying adversely to another with certain exceptions. Evid R. 28 prohibits the disclosure of confidential communications between spouses. We are only concerned in these motions with Evid.R. 23(2) because no assertion of confidential communication has been made.